**UNITED STATES of America,
Appellee,**

v.

**Darrick L. WASHINGTON,
Defendant–Appellant.**

No. 06–3406–cr.

United States Court of Appeals,
Second Circuit.

March 19, 2008.

Paul Evangelista, Assistant Federal Public Defender (Molly Corbett, on the brief), Albany, NY, for Defendant–Appellant.

Paul D. Silver, Assistant United States Attorney for the Northern District, for

Glenn T. Suddaby, United States Attorney, Albany, NY, for Appellee.

PRESENT: Hon. WALKER, Hon. B.D. PARKER and Hon. PETER W. HALL, Circuit Judges.

## SUMMARY ORDER

Darrick Washington ("Washington") appeals from a judgment of the United States District Court for the Northern District of New York (McAvoy, *J.*). He pled guilty to possession of a firearm after being convicted of a felony in violation of 18 U.S.C. § 922(g)(1), under an agreement that permitted him to appeal the district court's refusal to suppress the gun and ammunition found during a search. After increasing Washington's offense level because he had two previous felony convictions for crimes of violence under U.S.S.G. §§ 2K2.1(a)(2) and 4B1.2, the court sentenced him principally to 84 months of incarceration. Washington appeals the district court's denial of his suppression motion and its determination that a prior domestic assault conviction was a crime of violence. We assume the parties' familiarity with the underlying facts and procedural history of this case, as well as the issues on appeal.

This Court reviews a district court's ultimate determination of probable cause *de novo*, but reviews findings of fact for clear error. *United States v. Jenkins*, 452 F.3d 207, 211–12 (2d Cir.2006).

■ The district court properly denied Washington's motion to suppress. "Probable cause to arrest exists when the officers have knowledge of, or reasonably trustworthy information as to, facts and circumstances that are sufficient to warrant a person of reasonable caution in the belief that an offense has been or is being committed by the person to be arrested." *Zellner v. Summerlin*, 494 F.3d 344, 368

(2d Cir.2007). "When information is received from a putative victim or an eyewitness, probable cause exists, unless the circumstances raise doubt as to the person's veracity." *Curley v. Vill. of Suffern*, 268 F.3d 65, 70 (2d Cir.2001) (citations omitted). Washington was stopped following a police report of a burglary in which the victim identified him by name and physical description as the perpetrator. Washington, himself, established the reliability of the victim's account when he admitted that he was involved in an "incident" on Second Street. Additionally, the district court properly found that due to the department's prior experience with Washington, the police officers had reason to believe that he was armed. Washington confirmed their suspicions when, in response to the officers' questioning about whether he was carrying a handgun or had one in his vehicle, he nervously stated that the vehicle he was driving was not his. Because the police had probable cause to arrest him, the handgun and ammunition were admissible as the result of a search incident to arrest. *New York v. Belton*, 453 U.S. 454, 101 S.Ct. 2860, 69 L.Ed.2d 768 (1981).

■ Washington also claims that the district court incorrectly increased his base offense level under U.S.S.G. § 2K2.1(a)(2), after erroneously determining that his conviction for second degree aggravated domestic assault constituted a crime of violence. U.S.S.G. § 2K2.1(a)(2) increases a defendant's base offense level if the defendant "committed any part of the instant offense subsequent to sustaining at least two felony convictions of . . . a crime of violence." For a prior conviction to be considered a crime of violence under § 2K2.1(a)(2), which incorporates the definition provided in U.S.S.G. § 4B1.2(a), the conviction must have "as an element the use, attempted use, or threatened use of

physical force against the person of another." U.S.S.G. § 4B1.2(a)(1). Washington disputes that his conviction meets this definition.

We review a district court's legal interpretations of the Guidelines *de novo*. *United States v. Jones*, 415 F.3d 256, 260 (2d Cir.2005). The district court did not err in its interpretation of the Guidelines. It concluded, after reviewing the charging instrument, that Washington's conviction involved a crime of violence. *See Shepard v. United States*, 544 U.S. 13, 16, 125 S.Ct. 1254, 161 L.Ed.2d 205 (2005). The district court stated that even if second degree domestic aggravated assault is not "per se" a crime of violence, the charging instrument nonetheless supported a finding that Washington's conviction involved a violent crime. The criminal information charged that Washington committed the alleged crime by "recklessly causing bodily injury to a family or household member ... by squeezing her arms." We agree that this conduct involves the use of physical force allowing for an enhancement pursuant to U.S.S.G. § 2K2.1(a)(2).

We have reviewed Washington's remaining contentions and find them lacking in merit.

For the foregoing reasons, the judgment of conviction is AFFIRMED.